## The James A. Garfield.[1]

### Tebo *v.* The James A. Garfield.

(*District Court, E. D. New York.* June 15, 1887.)

SALVAGE—TUG AT WHARF—FIRE.

The tug T. discovered a fire in the engine-room of the tug G., while the latter lay at a wharf, and, proceeding to her, extinguished it. While the T. was on her way to the G., the watchman on the pier discovered the fire, and summoned the fire department. *Held*, that the service was a salvage service, but that the G. had not been saved from total destruction on account of the summons sent to the fire department. Three hundred dollars was allowed as salvage award.

In Admiralty.

*John J. Allen*, for libelant.

*Edward H. Hobbs*, for claimant.

BENEDICT, J. The services rendered by the tug-boat Tebo in extinguishing the fire that had broken out in the engine-room of the James A. Garfield, although unattended with any risk to life or risk to the Tebo, were salvage services, because they were services rendered voluntarily to relieve the James A. Garfield from a situation of peril, and they were successful. The fire was discovered by those on the Tebo before it had been discovered by any other person. They at once proceeded with the Tebo to the Garfield, and by promptly pouring a stream of water upon it they extinguished the fire. The fire so extinguished was dangerous; by the services of the Tebo the damage resulting from it was reduced to a minimum.

But, while the services of the Tebo unquestionably saved the Garfield a considerable loss, I cannot agree with the advocates for the libelant in the opinion that they saved her from total destruction. The fact that the watchman on the pier discovered the fire while the Tebo was pro-

---

[1] Reported by Edward G. Benedict, Esq., of the New York bar.

ceeding to the Garfield, and at once, by the fire telegraph, notified the fire department, so that an engine was at once on its way to the fire, would have reached the Garfield a few moments after the Tebo reached her, and would, as I think it may fairly be inferred, have promptly extinguished the fire, requires the conclusion that the Garfield was not in danger of total destruction. But it may be also fairly inferred from the evidence that the Garfield's upper works would have been burnt, and her engine perhaps injured, if the Tebo had not reached her when she did. That loss was saved by the exertions of the Tebo.

The claimants have made no tender, and the extent of the offer was $25. This was much too small, in my opinion. As I view the case, $300 should be awarded, and will be a liberal reward for the services of the Tebo. For that sum, with costs, the libelant may have a decree.